UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

Root Insurance Company,

    Plaintiff,

vs.

Frank Doffour, Bradley Vesta as the Special Administrator for The Estate of Josephine Jacobawi, deceased, Joshua Hayes, Robert Ulman, LakeSide Concrete Masonry & Construction, and Capital Express LLC,

    Defendants.

Case No.:

**COMPLAINT FOR DECLARATORY JUDGMENT**

**Jury Trial Demanded**

Plaintiff Root Insurance Company, for its Complaint for Declaratory Judgment, hereby states and alleges as follows:

**PARTIES**

1.    Root Insurance Company ("Root") is an insurance company organized under the laws of the State of Ohio with its principal place of business located in Columbus, Ohio.

2.    Frank Doffour ("Doffour") is an individual residing at 2751 36th Avenue S., Apartment 303, Fargo, North Dakota 58104, who at the relevant time hereto was the registered owner of a 2008 Ford Econoline van.

3.    At all times relevant hereto, Josephine Jacobawi, now deceased, was an individual residing at 1820 39th Street, Apartment 104, Fargo, North Dakota 58103, who at the relevant time hereto was the driver of a 2008 Ford Econoline van which was owned by Doffour.

4. Upon information and belief, Joshua Hayes ("Hayes") is an individual residing in New London, Minnesota.

5. Upon information and belief, Robert Ulman ("Ulman") is an individual residing in Spicer, Minnesota.

6. Upon information and belief, LakeSide Concrete, Masonry & Construction ("LakeSide") is a Minnesota business with a principal place of business at 404 Briar Street SE, New London, Minnesota 56273.

7. Upon information and belief, Capital Express LLC ("Capital Express") is a Nebraska limited liability company with a principal place of business in Omaha, Nebraska.

## JURISDICTION AND VENUE

8. This is an action for declaratory judgment made pursuant to Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C.A. § 2201 and 28 U.S.C.A. § 2202.

9. There is complete diversity of citizenship between the above-named parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and therefore, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

10. Venue in North Dakota is proper because Plaintiff asks this Court to construe a policy of insurance issued in the State of North Dakota to North Dakota resident Doffour.

## FACTUAL BACKGROUND

11. At all relevant times hereto, Doffour was the registered owner of a 2008 Ford Econoline van, VIN # 1FBNE31L78DB14944.

12. Doffour is employed as a delivery driver for Capital Express, for whom he delivers pharmaceuticals and other medical supplies.

13. On November 7, 2022, Doffour was not feeling well and unable to make it to work. Accordingly, he asked another Capital Express employee, Jacobawi, to cover his shift and make deliveries using his 2008 Ford Econoline van.

14. On November 7, 2022, Jacobawi was operating Doffour's 2008 Ford Econoline van and driving eastbound on Highway 12 near Milbank, South Dakota.

15. Jacobawi crossed the highway center line and collided with an oncoming vehicle.

16. The oncoming vehicle, a 2005 Dodge pickup truck, was being operated by Hayes with Ulman riding as a passenger.

17. Jacobawi was pronounced dead at the scene. Hayes and Ulman both sustained injuries.

## ROOT INSURANCE POLICY

18. Root provided an Auto Insurance Policy to Doffour under policy number FKJJ6R with an effective policy term of August 20, 2022 to February 20, 2023 (the "Policy").

19. The Policy provides a bodily injury liability limit of $250,000 per person ($500,000 per accident); underinsured motorist bodily injury limit of $250,000 per person ($500,000 per accident); and collision coverage limited to actual cash value (less a $250 deductible).

20. The 2008 Ford Econoline van Jacobawi was driving at the time of the accident is shown in the Policy's declarations.

21. Part A of the Policy pertains to liability coverage. Part A is modified by the North Dakota Amendatory Endorsement and provides the following Insurance Agreement:

> We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an "auto" accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

22. Part A modifies the definition of "insured" as that term is used in that Part as follows:

> "Insured" as used in this Part means:
>
> 1. You or any "family member" for the ownership, maintenance or use of any "auto" or "trailer".
> 2. Any person using "your covered auto" who is not insured for liability coverage by any other insurance policy, self-insurance program, or financial responsibility bond with respect to a motor vehicle accident arising out of that person's use of "your covered auto" with permission of you or any "family member", and who is operating "your covered auto" within the scope of such permission.
> 3. For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
> 4. For any "auto" or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This Provision (B.4.) applies only if the person or organization does not own or hire the "auto" or "trailer".

23. Liability coverage under the Policy is subject to various exclusions. Exclusion A.5 provides that there is no liability coverage for:

"liability arising out of ownership or operation of a vehicle while it is being used as a public or livery conveyance or for retail or wholesale delivery, including, but not limited to, the pickup, transport or delivery of magazines, newspapers, mail or food."

24. Part D of the Policy provides coverage for damage to "your covered auto" as follows:

"We will pay for sudden, direct and accidental loss to "your covered auto" or any "non-owned auto", including their "custom parts or equipment", minus any applicable deductible shown in the Declarations." The limit of such coverage is the lesser of "the actual cash value of the stolen or damaged property less the deductible; or [the] [a]mount necessary to repair or replace the property with other property of like kind and quality less the deductible."

25. Part D of the Policy contains a similar exclusion to those set forth above related to a vehicle used as a livery conveyance and delivery. Exclusion 1 provides Root will not pay for:

"loss to your covered auto or any non-owned auto which occurs while it is being used as a public or livery conveyance or for retail or wholesale delivery, including, but not limited to, the pickup, transport or delivery of magazines, newspapers, mail or food."

## CAUSES OF ACTION

26. A controversy of a justiciable nature has arisen between the parties to this action. This Complaint for Declaratory Judgment is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, to obtain a declaration regarding Root's rights and/or legal obligations under the Policy issued to Doffour.

27. Doffour, the Estate of Jacobawi, Hayes, Ulman, LakeSide, and Capital Express have an interest in the declarations sought herein.

# COUNT I

## DECLARATION OF COVERAGE RIGHTS AND OBLIGATIONS UNDER THE POLICY

28. Root asserts, alleges, and incorporates each and every preceding paragraph as if fully set forth herein.

29. Root seeks a determination that coverage for liability, and collision, is excluded under the exclusions applicable to use of the vehicle as a public or livery conveyance or for retail or wholesale delivery, including, but not limited to, the pickup, transport or delivery of magazines, newspapers, mail, or food.

30. Root seeks a determination that, in the event the exclusions apply, it has no obligation to defend or indemnify Doffour, the Estate of Jacobawi, or Capital Express in relation to the November 7, 2022 accident.

31. Root seeks a determination that, in the event the exclusions apply, it has no obligation to provide collision coverage to Doffour under the Policy.

WHEREFORE, Plaintiff Root prays for a declaratory judgment from this Court for the following relief:

1. Determining, adjudicating, and declaring that Root has no obligation to defend or indemnify Doffour, the Estate of Jacobawi, or Capital Express in relation to the November 7, 2022 accident, including any lawsuits or claims which may be asserted or commenced.

2. Determining, adjudicating, and declaring that Root has no obligation to provide collision coverage to Doffour under the Policy.

3. Awarding Root attorneys' fees, costs, disbursements, and any other relief as may be deemed equitable, fair and appropriate.

Dated: December 8, 2023                    Lind Jensen Sullivan & Peterson
                                            A Professional Association


                                            s/ *Eric J. Steinhoff*
                                            Eric J. Steinhoff, I.D. No. 07458
                                            Attorneys for Defendants
                                            901 Marquette Avenue South
                                            Suite 1900
                                            Minneapolis, MN  55402
                                            (612) 333-3637
                                            eric.steinhoff@lindjensen.com